IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CLARE LAND, LLC

    Plaintiff,

                                       Case No.:

vs.

US ARMY CORPS OF ENGINEERS
JACKSONVILLE DISTRICT, A SUBDIVISION OF
THE UNITED STATES OF AMERICA AND SOUTH
FLORIDA WATER MANAGEMENT DISTRICT ,
A POLITICAL SUBDIVISION OF DIVISION OF
THE STATE OF FLORIDA

    Defendants.

_____/

## COMPLAINT TO QUIET TITLE

COME NOW, the Plaintiff, CLARE LAND, LLC, by and through its undersigned counsel, and file this Complaint against the Defendants and state as follows:

The Plaintiff, CLARE LAND, LLC(hereinafter known as "Clare") by and through its undersigned attorney, brings this Complaint against the Defendants, US ARMY CORPS OF ENGINEERS JACKSONVILLE DISTRICT, A SUBDIVISION OF THE UNITED STATES OF AMERICA AND SOUTH FLORIDA WATER MANAGEMENT DISTRICT, A POLITICAL SUBDIVISION OF DIVISION OF THE STATE OF FLORIDA; and ALL PARTIES CLAIMING BY OR THROUGH SAID DEFENDANTS', if any, and against all other persons or parties, claiming under them, and against all parties and persons whomsoever having or claiming to have any right, title or interest in and to the following described lands in Lee County, Florida, to wit: the 911 address is undetermined, and more particularly described as:

The West Half of Government Lot 2, Section 20, Township 43 South, Range 26 East, Also known as lots 1-8, inclusive, of HART and FOXWORTHY'S SUBDIVISION of the West Half of Government Lot 2, Section 20, Township 43 South, Range 26 East, as per Plat filed in the office of the Clerk of the Circuit Court of Lee County, Florida, in Plat Book 1 at Page 44.

Page 1 of 10

1.  This Court has jurisdiction in accordance with Chapter §65 of the Florida Statutes, Florida Statute §65.011 and because the monetary value of the property in question is in excess of $15,000.00 and the real property is located in Lee County, Florida.

2.  That at all times material hereto, the Plaintiff, CLARE LAND, LLC is a Florida Limited Liability Company, with its Principle place of business located in Palm Beach County, Florida.

3.  The Defendant, US ARMY CORPS OF ENGINEERS JACKSONVILLE DISTRICT (hereinafter "Corps") claims to now hold a Spoil Easement on the above named real property, in favor of the Corps, which was approved and put in place on July 3, 1930. The Easement which is the subject of this action was recorded in the Public Records of Lee County, Florida, and is attached as Exhibit "A."

4.  SOUTH FLORIDA WATER MANAGEMENT DISTRICT, (Hereinafter "District") is a Political Sub Division of the State of Florida, which claims to now hold or control a Spoil Easement on the above named real property, in favor of the Corps and District, which was approved and put in place on July 3, 1930. The Easement which is the subject of this action was recorded in the Public Records of Lee County, Florida, and is attached as Exhibit "A."

## COUNT I, QUIET TITLE

Plaintiff, readopts and reavers all the allegations contained in Paragraphs 1-4 above, and further alleges as follows:

5.  The Plaintiff is the title owner of the following described lands in Lee County, Florida, by virtue of a warranty deed, a copy of the Warranty Deed, dated November 28, 2017 and is attached as Exhibit "B," to wit: the Subject Property is currently listed as US Army Corps Parcel 194 further described as Lee County Parcel ID: 20-43-26-01-00001.0000, the 911 address is undetermined, and more particularly described as:

The West Half of Government Lot 2, Section 20, Township 43 South, Range 26 East, Also known as lots 1-8, inclusive, of HART and FOXWORTHY'S SUBDIVISION of the West Half of Government Lot 2, Section 20, Township 43 South, Range 26 East, as per Plat filed in the office of the Clerk of the Circuit Court of Lee County, Florida, in Plat Book 1 at Page 44.

6. The Spoil Easement on the above named real property, in favor of the Corps and District, which was approved and put in place on July 3, 1930, is no longer valid and holds no purpose, other then to interfere with the Plaintiff's ability to use the land as the Plaintiff wishes.

7. Since the time that the easement was placed on the property, the easement has never been used nor can it be used currently or in the future according to the laws and regulations which govern this type of easement, including but not limited to the following State and Federal Statutes:

> 33 U.S.C. Sec. 558b Exchange of land or property (United States Code (2020 Edition)) and
>
> Fla. Stat. Ch. 253.03 Board of trustees to administer state lands; lands enumerated. (Florida Statutes (2019 Edition))

8. The Subject property (Corps Parcel 194, Exhibit A) which is currently encumbered by the US Army Corps's Perpetual Spoil Easement for the deposit of Dredged material. The easement can no longer be used for the Easement's intended purpose. The reason the easement cannot be used is based upon several State and Federal Statutes.

9. The Relevant Florida Statute is §253.03 (10)(a)(1) specifically states:

> ".... Except for beach nourishment seaward of existing lines of vegetation on privately owned or publicly owned uplands fronting on the waters of the Atlantic Ocean or Gulf of Mexico and authorized pursuant to the provisions of part I of chapter 161, no materials dredged from state sovereignty tidal or submerged bottom lands by a public body shall be deposited on private lands until:1)The United States Army Corps of Engineers or the local sponsor has first certified that no public lands are available within a reasonable distance of the dredging site; and:
>
> 2) The public body has published notice of its intention to utilize certain private lands for the deposit of materials, in a newspaper published and having general circulation in the appropriate county at least three times within a 60-day period prior to the date of the scheduled deposit of any such material, and therein

Page 3 of 10

advised the general public of the opportunity to bid on the purchase of such materials for deposit on the purchaser's designated site, provided any such deposit shall be at no increased cost to the public body." The Statute is attached as Exhibit "C"

10. South Florida Water Management District has Fee Simple ownership of Corps Parcel L-4. A Copy of the Deed of Executrix is attached as Exhibit "C" A copy of te Lee County Property Data for the Parcel is attached as Exhibit "D." This parcel is adjacent to the subject property and the two parcels share a common boundary line. The Plaintiff only found out about the purchase of the adjacent property at the time of purchase as part of his due diligence and the previous owner did not know of the purchase by the District, nor should the previous owner have known as the properties are both unused and unoccupied by anyone related to the seller who should have known the adjacent property was acquired. A copy of the GEOView Map is attached as Exhibit "E."

11. The Map clearly depicts that there is a border between the District's land and Clare Land, LLC's land. In fact, the District's land is more than enough to provide the District and the Corps' needs in accordance with the regulations. The fact that the two properties are adjacent and have the same type of bank and a direct connection with the local highway, Duke Highway.

12. When the South Florida Water Management District made the fee-simple acquisition of L-4, it invalidated/voided any possible certification that no Public Lands were available for the US Army Corps's Perpetual Spoil Easement needs for the area for the deposit of Dredged material. Therefore by law it could no longer use the subject property's easement.

13. In addition to Florida Statute 253.03.10 making the easement unusable, South Florida Water Management District recommended a release of the easement in the letter dated June 1, 2015 (Exhibit F). The letter clearly states that the District has no current or apparent future use for the easement encumbering Parcel 194.

Page 4 of 10

14. Florida Statute 253.03 (10), is the law related to this issue and both the Corps and the District must comply with the Statute. The law is clear that dredge material is Sovereign property and it may not be deposited on Private Land when Public Land is available.

15. The Corps Management Plan is defective and has been for years. The Spoil Easement encumbering Track 194 must be released removing the cloud on the Plaintiff's title and the parcel needs to be removed from the Plan in accordance with the Statute.

16. This is an action in which the Plaintiff seeks to quiet their title to the above described lands, and quiet the defendant's easement and is filed pursuant to Chapter §65 of the Florida statutes and Florida Statute §65.021.

17. At the time of the commencement of this suit, the Plaintiff and its successors in title is the owner of the above and foregoing property.

18. The easement encumbering the land constituting the subject matter of this suit is held by the U.S. Government and/or by the State of Florida and said Governmental bodies have not relinquished or conveyed all of their right, title or interest in and to said lands and each and every parcel thereof, by patent, statute or other appropriate actions, as shown by entry in the Public Records of Lee County, Florida.

19. DERAIGNMENT OF PLAINTIFF'S TITLE: Plaintiff deraigns its title to the subject property as follows: (all recording data in this complaint refers to the public records of Lee County. Florida, unless otherwise specified).

20. Plaintiffs' title to the Property is derived from the Warranty Deed between MJH 1, LLC and Plaintiff, CLARE LAND, LLC, a Florida Limited Liability Company on November 28, 2017. Said Warranty Deed is recorded in the Public Records of Lee County, Florida as Official Document #2017000248872. A copy of said Deed is attached as Exhibit "B."

21. Plaintiff, Principle Place of Business is located at reside at 6894 Clendenin Street Lake Worth, Palm Beach County, FL. 33467.

22. CLAIMS OF DEFENDANTS: The claims of the Defendants' which casts a cloud or suspicion upon the title of Plaintiff are as follows:

A. The Defendant, US ARMY CORPS OF ENGINEERS JACKSONVILLE DISTRICT, A SUBDIVISION OF THE UNITED STATES OF AMERICA, may claim an interest in the subject property by an easement which has since been rendered ineffective and nullified and is recorded July 3, 1930, in Official Miscellaneous Record Book 17, Page 380 of the Public Records of Lee County, Florida. A copy of said easement is attached as Exhibit "A." It is the Plaintiff's position that the interest which the Defendant had in the easement encumbering the property has been made unenforceable/void/nullified or made ineffective by the Defendants' purchase/acquirement of land adjoining the Plaintiff's property, which by action of law makes the easement no longer viable, and therefore there is no longer a legal and purposeful interest which should show in the Public records of Lee County which creates a cloud on the property and said current cloud should be quieted.

B. The Defendant, SOUTH FLORIDA WATER MANAGEMENT DISTRICT, A POLITICAL SUBDIVISION OF DIVISION OF THE STATE OF FLORIDA, may claim an interest in the subject property by an easement which has since been rendered ineffective and nullified and is recorded July 3, 1930, in Official Miscellaneous Record Book 17, Page 380 of the Public Records of Lee County, Florida. A copy of said easement is attached as Exhibit "A." It is the Plaintiff's position that the interest which the Defendant had in the easement encumbering the property has been made unenforceable/void/nullified or made ineffective by the Defendant's purchase/acquirement of land adjoining the Plaintiff's property, which by action of law makes the easement no longer viable, and therefore there is no longer a legal and purposeful interest which

should show in the Public records of Lee County which creates a cloud on the property and said current cloud should be quieted.

23. Any and all claims, right, title or interest of the Defendants to the easement on the real property described above and described herein is a legal and purposeful interest have been made unenforceable/void/nullified or made ineffective by the Defendant's purchase/acquirement of land adjoining the Plaintiff's property, which by action of law makes the easement no longer viable. And the Plaintiff and its successors in title, as their interests may appear, are the true record title owners to the real property and the legal and equitable owners thereof in fee simple, and as such, are entitled to have their titles to the real property quieted and confirmed by the court under the provisions of F.S. 65 & 65.021.

24. Plaintiff further represents and shows that all things have been done, including but not limited to giving demand and Notice to the Defendants that suit will be brought if not released, A copy of the Demand/Notice to the Corps is attached as Exhibit "G" and a Copy of the Demand/Notice to the District is attached as Exhibit " H," the time to respond to the Demands/Notices has expired. The Plaintiff has further satisfaction of obligations and/or unfulfilled or improper transfer of interests in the property at issue and all times elapsed and all events have occurred to vest in Plaintiffs true and good title to the property involved in this suit based upon the action in law.

25. All references as to books of records herein refer to the public records of Lee County, Florida.

WHEREFORE, Plaintiff prays that it be granted a decree declaring it and their successors in title to be the owners in fee simple title with the easement held by the Defendants to be null and void and to the land herein involved and described in this Complaint, as its interest may appear, and to have clear title thereto established, quieted and confirmed in it and the supposed

Page 7 of 10

claims, rights, title, interest, easement, liens and estates of the Defendants to this Court and each of them, be declared null and void and canceled as a cloud on the title of Plaintiff and its successors in title and that a decree of injunction be entered herein as to each of the Defendants perpetually enjoining and restraining them, and all persons claiming by or under them, from in any way asserting any title, right or interest in the lands herein involved adverse to Plaintiff and its successors in title.

Page 8 of 10

## VERIFICATION

The allegations to Quiet Title herein above are true and correct to the best of our knowledge, information and belief.

*Michael Halpin*

MICHAEL HALPIN, Manager
for CLARE LAND, LLC

STATE OF NY
COUNTY OF ANTIC

I HEREBY CERTIFY that on this day before me, MICHAEL HALPIN, as Manager for CLARE LAND, LLC, personally appeared, who is personally known to me (Yes ___ No ✓) to be the person described in and who executed the foregoing instrument, OR who has produced: ASSERT US as identification and acknowledged before me that he executed same for the purposes expressed herein.

WITNESS my hand and official seal in the County and State last aforesaid this 10 day of November 2020.

_____
Notary Public
State of NY
My commission Expires 3-20-21

Law Office of Keith A. Fousek
Counsel for Plaintiff
6400 SW 16th Street
North Lauderdale, FL. 33068
Telephone: 954-623-7545
Facsimile : 954-543-4161
Primary Service E-mail:
eservice.kfouseklaw@gmail.com
E-mail: kfousek1@gmail.com
Secondary e-mail: sharondevita123@yahoo.com

_____
Keith A. Fousek, Esquire
Fla. Bar No.: 0627305

Page 10 of 10